IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40196
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO HERNANDEZ PADRON,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CR-240-1
- - - - - - - - - -
September 16, 1997
Before DUHÉ, DEMOSS and DENNIS, Circuit Judges.

PER CURIAM:[1]

Francisco Hernandez Padron appeals his conviction for possession with intent to distribute marijuana. 21 U.S.C. § 841(b)(1)(D). He argues that the district court abused its discretion by admitting his pre-arrest statement that he was traveling to see his probation officer, by admitting evidence of Padron's 1992 conviction for possession 37 pounds of marijuana, and by allowing Padron's probation officer to testify regarding the

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1992 conviction and his travel restriction.  He also contends that his right to due process was violated by a reference to postarrest and post *Miranda*-warning[2] statements to arresting agents and that trial counsel was ineffective.

We have reviewed the record and the briefs submitted by the parties and we conclude that the district court did not commit reversible error by admitting the challenged evidence.  See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc); United States v. Williams, 957 F.2d 1238, 1244 (5th Cir. 1992). Neither did the district court commit reversible error by allowing the testimony regarding Padron's postarrest and post Miranda-warning statements.  United States v. Shaw, 701 F.2d 367, 382 (5th Cir. 1983); United States v. Warren, 578 F.2d 1058, 1074 (5th Cir. 1978).  Padron's contention that trial counsel was ineffective is not ripe for review.  United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

AFFIRMED.

---

[2]  Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).